UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TONIA JACKSON and KENNETH JACKSON,<br><br>          Plaintiffs,<br><br>v.<br><br>CREDIT SYSTEMS INTERNATIONAL, INC. and BAYLOR ST. LUKE'S MEDICAL GROUP,<br><br>          Defendants. | CIVIL COMPLAINT<br><br>CASE NO. 4:19-cv-03279<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes TONIA JACKSON ("Ms. Jackson") and KENNETH JACKSON ("Mr. Jackson") (collectively, "Plaintiffs"), by and through their attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of CREDIT SYSTEMS INTERNATIONAL, INC. ("CSI") and BAYLOR ST. LUKE'S MEDICAL GROUP ("Baylor") (collectively, "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiffs bring this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* against CSI and pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* against Baylor.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331

1

and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Southern District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Texas.

**PARTIES**

4. Plaintiffs are consumers over 18 years-of-age residing in Houston, Texas, which is located within the Southern District of Texas.

5. CSI boasts that it is "a nationally recognized Accounts Receivable Management firm headquartered in Fort Worth, Texas. [CSI] specializes in consumer centric collection solutions and continues to provide dependable recovery strategies for a multitude of industries with extensive experience in the healthcare, utility and governmental industries."[1] CSI is a corporation organized under the laws of the State of Texas and registered at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

6. Baylor offers medical services, and is engaged in collecting or attempting to collect, directly or indirectly, debts owed or due using the mail and telephone from consumers, including consumers located in the State of Texas. Baylor is organized under the laws of the State of Texas and registered at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

7. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

---

[1] http://www.creditsystemsintl.com/index.asp

8. Joinder of Plaintiffs' claims against Defendants is proper under Fed. R. Civ. P. 20(a)(1) and Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

### FACTS SUPPORTING CAUSES OF ACTION

9. The instant action stems from Defendants' attempts to collect upon outstanding medical bills ("subject consumer debts") purportedly owed by Plaintiffs.

10. In approximately April of 2019, Plaintiffs were involved in an automobile accident, which caused them injuries.

11. Shortly after the aforementioned automobile accident, Plaintiffs received medical services from Baylor through its partners and affiliates.

12. Plaintiffs allegedly incurred the subject consumer debts due to the medical services referenced in paragraph 14.

13. As a result of their injuries, Plaintiffs retained an attorney to represent them on matters related to their injuries and the subject consumer debt.

14. Around the summer of 2019, Plaintiffs began receiving calls to their cellular phone, (832) XXX-3772, from Baylor.

15. At all times relevant to the instant action, Plaintiffs were the sole subscribers, owners, and operators of the cellular phone number ending in -3772. Plaintiffs are and always have been financially responsible for the cellular phone and its services.

16. Baylor has primarily used the phone number (713) 400-5750 when placing collection calls to Plaintiffs' cellular phone, but upon belief, Baylor has used other numbers as well.

17. The above-referenced phone number ending in -5750 is regularly utilized by Baylor during its debt collection activity.

18. Upon answering phone calls from Baylor, Plaintiffs have been subjected to pre-recorded messages, followed by a noticeable pause, lasting several seconds in length, before being connected with a live representative.

19. Plaintiffs, through their contacts with Baylor, were informed that it was attempting to collect upon the subject consumer debt.

20. Plaintiffs informed Baylor that they were represented by an attorney.

21. Plaintiffs demanded that Baylor cease contacting them directly and to contact their attorney instead.  Plaintiffs cease and desist requests were made both verbally and in writing.

22. Despite Plaintiffs' efforts, Baylor continued calling their cellular phone for months thereafter.

23. Plaintiffs have received not less than 50 phone calls from Baylor since asking it to stop calling.

24. Thereafter, at least part of the subject consumer debt was turned over to CSI for collection.

25. Baylor turned the subject consumer debt over to CSI after Plaintiffs allegedly defaulted on payment and with knowledge that Plaintiffs were represented by an attorney.

26. CSI was notified by Baylor that Plaintiffs were represented by an attorney with regards to the subject consumer debt during its onboarding process.

27. On or around July 17, 2019, CSI caused to be mailed a collection letter to Mr. Jackson despite the knowledge that he was represented by an attorney.

28. Frustrated over Defendants' conduct, Plaintiffs spoke with Sulaiman regarding their rights, resulting in expenses.

29. Plaintiffs have been unfairly and unnecessarily harassed by Defendants' actions.

30. Plaintiffs have suffered concrete harm as a result of Defendants' actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of their telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on their cellular phones, and diminished space for data storage on their cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
(AGAINST CSI)

31. Plaintiffs repeat and reallege paragraphs 1 through 30 as though full set forth herein.

32. Plaintiffs are "consumer[s]" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

33. CSI is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

34. CSI identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. CSI identifies itself as a debt collector and has been a member of the Association of Credit and Collection Professionals, an association of debt collectors, since 1983.[2]

35. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a.  **Violations of the FDCPA, §1692c**

36. The FDCPA, pursuant to 15 U.S.C. §1692c(a)(2), prohibits a debt collector from "communicat[ing] with a consumer in connection with the collection of a debt if the debt collector knows the consumer is represented by an attorney…"

---

[2] https://www.acainternational.org/search#memberdirectory

37. CSI violated c(a)(2) when it mailed a collection letter to Mr. Jackson, despite having knowledge that he was represented by an attorney.

### b. Violations of the FDCPA, § 1692e

38. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

39. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

40. CSI violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject consumer debt. CSI communicated directly with Mr. Jackson despite having knowledge that he was represented by an attorney. Consequently, CSI misrepresented its authority to directly contact Mr. Jackson.

### c. Violations of the FDCPA, § 1692f

41. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

42. CSI violated §1692f when it unfairly and unconscionably attempted to collect upon the subject consumer debt. Specifically, it was unfair for CSI to contact a consumner known to be represented by an attorney.

WHEREFORE, Plaintiff KENNETH JACKSON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiffs statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

    c. Awarding Plaintiffs actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

    d. Awarding Plaintiffs costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

    e. Enjoining CSI from further contacting Plaintiffs seeking payment of the subject consumer debt; and

    f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
(AGAINST BAYLOR)

43. Plaintiffs repeat and reallege paragraphs 1 through 42 as though fully set forth herein.

44. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phones using an automatic telephone dialing system ("ATDS") *or* pre-recorded messages without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

45. Baylor used an ATDS in connection with its communications directed towards Plaintiffs' cellular phone. Baylor used pre-recorded messages to contact Plaintiff's on their cellular phone. The significant pause, lasting several seconds in length, which Plaintiffs have experienced during answered calls is instructive that an ATDS was being utilized to generate the phone calls. Additionally, Baylor's continued contacts to Plaintiffs after they demanded that the phone calls stop further demonstrates Baylor's use of an ATDS. Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

46. Baylor violated the TCPA by placing at least 50 phone calls to Plaintiffs' cellular phone using an ATDS and pre-recorded messages without their consent. Any consent that Plaintiffs may

have given to Baylor as a result of incurring the subject consumer debt was specifically revoked by Plaintiffs' demands that it cease contacting them.

47. The calls placed by Baylor to Plaintiffs were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

48. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Baylor is liable to Plaintiffs for at least $500.00 per call. Moreover, Baylor's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiffs are otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiffs TONIA JACKSON and KENNETH JACKSON, respectfully requests that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiffs damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiffs costs and reasonable attorney fees;

d. Enjoining Baylor from further contacting Plaintiffs seeking payment of the subject consumer debt; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
(AGAINST BAYLOR)

49. Plaintiffs restate and reallege paragraphs 1 through 48 as though fully set forth herein.

50. Plaintiffs are "consumer[s]" as defined by Tex. Fin. Code Ann. § 392.001(1).

51. Baylor is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

52. The subject consumer debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

    a.   **Violations of the TDCA, § 392.302**

53. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

54. Baylor violated the TDCA when it continued to call Plaintiffs' cellular phones at least 50 times after they notified it to stop calling. The repeated contacts were made with the hope that Plaintiffs would succumb to the harassing behavior and ultimately submit a payment. Rather than understanding Plaintiffs' situation and abiding by their wishes, Baylor continued in its harassing campaign of phone calls in hopes of extracting payment.

55. Upon being told to stop calling, Baylor had ample reason to be aware that it should not continue its harassing calling campaign. Yet, Baylor consciously chose to continue placing systematic calls to Plaintiffs' cellular phone knowing that its conduct was unwelcome.

    b.   **Violations of the TDCA, § 392.304**

56. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

57. Baylor violated the TDCA through the implicit misrepresentations made on phone calls placed to Plaintiffs' cellular phones. Through its conduct, Baylor misleadingly represented to Plaintiffs that it had the lawful ability to continue contacting their cellular phones using an

9

automated system absent their consent. Such lawful ability was revoked upon Plaintiffs demanding that Baylor stop calling their cellular phone, illustrating the deceptive nature of Baylor's conduct.

WHEREFORE, Plaintiffs TONIA JACKSON and KENNETH JACKSON, respectfully requests that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiffs to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiffs actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiffs punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiffs costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Enjoining Baylor from further contacting Plaintiffs seeking payment of the subject consumer debt; and

g. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: August 30, 2019                                          Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)                            s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                                Taxiarchis Hatzidimitriadis, Esq. #6319225
*Counsel for Plaintiff*                                         *Counsel for Plaintiff*
Admitted in the Southern District of Texas                      Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.                                        Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                             2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                         Lombard, Illinois 60148
(630) 568-3056 (phone)                                          (630) 581-5858 (phone)
(630) 575-8188 (fax)                                            (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                        thatz@sulaimanlaw.com